**Cleve Allen BODDEN, et al.**

v.

**TEXAS MARINE UNDERWRITERS AGENCY, INC., et al.**

**Civ. A. Nos. 89–2300, 88–1736.**

United States District Court,
E.D. Louisiana.

Feb. 28, 1991.

---

Harvey J. Lewis, Lewis & Kullman, New Orleans, La., for Cleve Allen Bodden, et al.

Donald L. King, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Mutual Marine Office, Inc., New York Marine Managers, Inc., Progressive Cas. Ins. Co., Reinsurance Corp. of New York, Colonial Ins. Co., Republic Ins. Co., United Reinsurance Corp. of New York, Pennsylvania Lumbermens Mut. Ins. Co., and Northeastern Ins. Co.

Gerard T. Gelpi, Brian L. Thompson, Gelpi, Sullivan, Carroll & Laborde, New Orleans, La., for Texas Marine Underwriters Agency, Inc., Houston Cas. Co., La Reunion Francaise, and Underwriters at Lloyd's.

James F. Shuey, Lemle & Kelleher, New Orleans, La., for Certain Excess P & I Underwriters at Lloyd's London.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion of Certain Underwriters at Lloyd's, et al, collectively referred to as "Excess Underwriters," to reconsider the Court's January 22, 1991 Minute Entry denying their motion to dismiss the plaintiffs' direct action claim against them. After reviewing the motion, memoranda of counsel, the record and the law, the Court grants the motion for the reasons set forth below.

In the January 22, 1991 Minute Entry, the Court addressed two grounds urged by Excess Underwriters for dismissal: (1) a protection and indemnity ("P & I") insurance policy is an "ocean marine policy" as that term is defined in Louisiana insurance statutes and case law and, therefore, the Louisiana Direct Action Statute does not apply; and (2) the policy in question was not written or delivered in Louisiana and the accident did not occur in Louisiana.

The present motion to reconsider addresses *only* ground no. 1 above, and this Court reconsiders only that portion of its prior ruling. As to whether a P & I policy is an "ocean marine policy" and thereby excepted from coverage under the Direct Action Statute,[1] the Court, in its prior ruling, relied primarily on an unpublished opinion, *Tassin v. Hess Marine Transportation, Inc., et al*, Civil Action No. 88–1838, 1990 WL 93831 (E.D.La. June 28, 1990). In *Tassin*, the court held that P & I policies are considered "ocean marine policies" within the meaning of Louisiana insurance statutes and case law except where legislative intent is otherwise expressed:

The Louisiana Supreme Court has stated that:

> the term "ocean marine insurance" includes protection and indemnity insurance and that protection and indemnity insurance, *absent some intent on the part of the legislature to protect individuals entitled to recover under protection and indemnity policies*, falls within the "ocean marine insurance" exception to Louisiana Insurance Guaranty Association protection.

*Tassin v. Hess Marine Trans., Inc., et al*, Civil Action No. 88–1938, 1990 WL 93831 (E.D.La. June 28, 1990) (Wicker, J.) (emphasis in original) (quoting *Backhus v. Transit Casualty Co.*, 549 So.2d 283, 289 (La. 1989)). The *Tassin* court went on to find that such legislative intent is expressed in the Louisiana Direct Action Statute itself. *Id.* at pp. 3–4.

1. La.Rev.Stat.Ann. § 22:655 (West Supp.1990).

However, this Court now finds that the *Tassin* approach is untenably circular. The better rule of law is set forth in *Delaune v. Saint Marine Transportation Co.*, 749 F.Supp. 1463 (E.D.La.1990). The *Delaune* court found that the Direct Action Statute cannot be read so liberally by the courts as to constitute an implied exception to the legislatively created exception for ocean marine policies, which has been so explicitly stated in § 22:611. In *Backhus*, cited by the *Tassin* court, the Louisiana Supreme Court, recognizing that Louisiana Insurance Guaranty Association law should be liberally construed to protect claimants also stated that

> [w]hile this court can consider the reason and spirit of a law that brought about its enactment, it is not free to rewrite the law to effect a purpose that is not otherwise expressed. A liberal interpretation of the Insurance Guaranty Law, even though authorized by the Law itself, cannot overcome the specific statutory exemptions from coverage under that law.

*Backhus*, 549 So.2d at 291.[2] Therefore, this Court finds that, contrary to the proposition in *Tassin*, the Direct Action Statute cannot by itself be considered the expressed legislative intent to the exception. The language of the exception is unambiguous:

§ **611. Scope of Part**

A. The applicable provision of this Part [sections 611–690] shall apply to insurance *other than ocean marine and foreign trade insurances....*

B. The exceptions in Subsection A of this Section do not apply to R.S. 22:627. The only exceptions from the requirements of R.S. 22:627 are those specifically stated therein.

La.Rev.Stat.Ann. § 22:611 (West Supp. 1990) (emphasis added).

And, finally, the Court finds instructive language from *Delaune:*

> Where the Legislature has added a specific exception for a broad portion of the Insurance Code, courts are not free to overlook the exception under the guise that the text of the Direct Action Statute (or isolated instances of dictum in cases where "ocean marine insurance" and marine P & I policies were not at all at issue), if read alone, might appear to suggest that the Direct Action Statute applies to *all* liability policies. "[S]pecific words within a statute may not be read in isolation from the remainder of the entire statutory scheme."

*Delaune*, 749 F.Supp. at 1472 (emphasis in original) (citations omitted). In other words, the Direct Action Statute cannot be read in isolation from the rest of Louisiana Insurance law, especially the exceptions specifically set forth by the Legislature in § 22:611.

Accordingly,

IT IS ORDERED that the motion of Excess Underwriters to reconsider this Court's denial of their motion (and the motion of Mutual Marine Office, Inc., et al) to dismiss the direct action claim is GRANTED, and the direct action claims of the plaintiffs against the following insurers are DISMISSED WITH PREJUDICE: Certain Underwriters at Lloyd's, Cornhill Insurance PLC "M" A/C, Prudential Group 9, Sirius UK L A/C, Insurance Company of North America G A/C, Mutual Marine Office, Inc., New York Marine Managers, Inc., Progressive Casualty Insurance Company, Reinsurance Corporation of New York, Colonial Insurance Company, Republic Insurance Company, United Reinsurance Corporation of New York, Pennsylvania Lumbermens Mutual Insurance Company, and Northeastern Insurance Company.

---

2. The fact that the *Backhus* analysis dealt with the problem in the context of LIGA is inconsequential. The Direct Action Statute, La.Rev.Stat.Ann. § 22:655, and the exception for "ocean marine insurance" in La.Rev.Stat.Ann. § 22:611 are both contained in Part XIV of the Louisiana Insurance Code. And, as Judge Carr has recently noted:

> The structure of Part XIV parallels the structure of the LIGA Law; each should generally be interpreted liberally in favor of coverage, yet each expressly states that its provisions do not apply to "ocean marine insurance."

*Delaune v. Saint Marine Trans. Co.*, 749 F.Supp. 1463, 1472 (E.D.La.1990).